UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TERRY W. CHESNEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 9-364-B-W |
| | ) |
| MAINE STATE PRISON, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDED DECISION**

Terry W. Chesnel, a prison inmate, has sued the prison, the Commissioner of Corrections, the Warden of the Maine State Prison, and Vance Bailey, a corrections officer, claiming that his federal constitutional rights were violated when the prison lost or mislaid certain of his personal property, to wit, three handmade handkerchiefs and a watch of sentimental value given to Chesnel by his dying brother. Chesnel filed his complaint on August 12, 2009, but it was accompanied by neither the $350.00 filing fee nor an application to proceed in forma pauperis. Chesnel was sent the necessary forms to complete the IFP application and was given a further extension to September 22, 2009, to file the necessary paperwork. No application or filing fee has been received, but even if Chesnel had complied with the necessary documentation, his complaint would be subject to dismissal under the so-called Parratt/Hudson doctrine because he has not sufficiently alleged a violation of his constitutional rights. I accordingly recommend that if the filing fee or application is received after the issuance of this recommended decision, the court summarily dismiss this complaint under the screening provisions of 28 U.S.C. § 1915A because it does not state a claim. The complaint is also subject to dismissal because no filing fee has been paid nor has an application to proceed in forma pauperis been granted.

**Complaint Allegations**

Chesnel's complaint and accompanying exhibits set forth the following allegations. On January 28, 2009, Chesnel relinquished to Vance Bailey, a corrections officer at the Maine State Prison, three handkerchiefs and one Speidel quartz watch because they were considered "contraband" and Chesnel could not keep them in his cell at the prison. According to Bailey's contraband disposition form (Doc. No. 1-4) the items would be held for 30 days in order to allow Chesnel to arrange for a visitor to pick them up. When Chesnel's visitors went to pick up the property, they were told it was nowhere to be found. (Doc. No. 1-5). Chesnel proceeded through the prison grievance process, and at Level I the reviewing officer conceded that the prison had lost his property and offered him $ 22.26 reimbursement, which was the value the prison placed on the three handkerchiefs and the watch. (Doc. No. 1-6). At the Level II review Warden Merrill offered to raise the ante to $ 36.86, an offer upheld on the Commissioner's Level III review, but cautioned Chesnel that the prison could not reimburse for sentimental value. (Doc. No. 1-7). Disheartened by the response he received at the administrative level, Chesnel brought this lawsuit in federal court, claiming that his constitutional rights had been violated.

**Discussion**

The First Circuit has summarized the Parratt/Hudson doctrine -- Parratt v. Taylor, 451 U.S. 527 (1981)[1] and Hudson v. Palmer, 468 U.S. 517 (1984)) -- thusly: "When a deprivation of a property interest is occasioned by random and unauthorized conduct by state officials, ... the [Supreme] Court has repeatedly emphasized that the due process inquiry is limited to the issue of

---

[1] See Daniels v. Williams, 474 U.S. 327, 330-31 (1986) ("Upon reflection, we … overrule Parratt to the extent that it states that mere lack of due care by a state official may "deprive" an individual of life, liberty, or property under the Fourteenth Amendment.").

the adequacy of postdeprivation remedies provided by the state." Lowe v. Scott, 959 F.2d 323, 340 (1st Cir. 1992).

Chesnel does not identify the claimed constitutional violation in his complaint, but it is abundantly clear to me that he has alleged neither an Eighth Amendment violation nor a Fourth Amendment violation. Chesnel's claim concerning lost or mislaid personal property appears to fall squarely within the property interest that would be constitutionally protected from State infringement, if at all, only by the due process clause of the Fourteenth Amendment to the United States Constitution. Accordingly this court need only to look to the adequacy of the state process to determine if the United States Constitution has been satisfied.

The Maine Law Court has recognized that prisoners such as Chesnel have a right to pursue court appeals of administrative rulings made by the Department of Corrections through the prison grievance process. Fleming v. Comm'r Dept. of Corr., 2002 ME 74, ¶ 9, 795 A.2d 692, 695 (Maine Rule of Civil Procedure 80C(i) allows not only a review of final agency action, but also an independent claim for damages where appropriate). Thus the State of Maine has postdeprivation remedies available to Chesnel should he choose to avail himself of those remedies in accordance with state law. Under Iqbal v. Ashcroft, __ U.S. __, __, 129 S.Ct. 1937, 1948 (May 18, 2009) Chesnel has not stated a plausible claim of a due process violation against any of the named defendants.

## Conclusion

Based upon the foregoing I recommend that the Court dismiss the complaint because of Chesnel's failure to pay the filing fee or otherwise proceed with the prosecution of this case. In the event Chesnel makes a tardy attempt to comply with my Order of September 1, 2009, I recommend that the complaint be dismissed for failure to state a claim.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

September 29, 2009